IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KIMBLEY D. JONES,              )
                               )
            Plaintiff,         )
                               )
      v.                       )    1:24cv184
                               )
LOUIS DEJOY, Postmaster        )
General, United States Postal  )
Service,                       )
                               )
            Defendant.         )
```

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

Plaintiff Kimbley D. Jones, a former employee of the United States Postal Service ("USPS") in Greensboro, North Carolina, seeks damages for alleged wrongful termination. Defendant Louis DeJoy moves to dismiss the complaint. (Doc. 5.) Jones filed a "Notice and Motion [for] Reconsideration" (Doc. 10), and DeJoy filed a response (Doc. 11). For the reasons explained below, the court construes Jones's motion as one seeking leave to file an amended complaint, denies it as futile, and grants DeJoy's motion to dismiss.

### I. BACKGROUND

The facts alleged by Jones, considered in the light most favorable to her as the non-moving party as to DeJoy's motion to dismiss, show the following.

Jones filed her complaint on March 5, 2024, using the complaint for a civil case form for pro se litigants. (Doc. 1.)

The complaint sets out no facts alleging dates or position of employment. Under the Amount in Controversy section, she wrote only "of Fraud, Falsification of documents, padded Dates, Cohertments [sic] of others." (Id. at 4.) Under the Statement of Claim section, Jones wrote only "wrongfully terminated, changed [S]F50 to satisfy lied reason to terminated." (Id.) Under the Relief section, Jones wrote "176,000.00 for lost of income (punitive)" and "100,000.00 — emotional Damage." (Id.) The complaint provided no other information explaining Jones's claims. (See id. at 1-5.)

On June 20, 2024, DeJoy moved to dismiss the complaint for failure to state a claim upon which relief can be granted (Doc. 5) and filed a brief in support (Doc. 6), arguing the complaint failed to offer sufficient factual allegations to support a plausible claim (Doc. 6 at 2). On July 30, 2024, Jones filed a motion entitled "Notice and Motion [for] Reconsideration and Memorandum in Support" ("Motion for Reconsideration"). (Doc. 10.) In that motion, Jones asked the court to allow her to (1) amend her complaint; (2) access the "EEO Alternative Dispute Resolution Specialist" as well as related records; and (3) access documentation detailing in-office and remote work. (Id. at 2.)

Jones's memorandum for the motion for reconsideration sets out facts more detailed than those in the complaint. (See id. at 3-5.) According to the memorandum, at some point during her

2

employment with USPS, Jones began to suffer from "harassing treatment" at the hands of a supervisor.[1] (Id. at 3.) Jones met on multiple occasions with a manager, Paulette Rhynehardt, to "detail" the "harassing treatment" she suffered, including the attempt to "write . . . up" Jones for using the bathroom while on her menstrual cycle. (Id.) "In 2020," Jones asked to be placed under another supervisor; the request "intensified the situation" between Jones and the supervisor. (Id. at 4.) The meetings with Rhynehardt occurred before and perhaps also after companywide layoffs, which occurred in May or June 2021. (See id. at 3-4.) According to Jones, these layoffs were "the opportunity for the Defendant to plot a criminal act to terminate [her] employment." (Id. at 4.)

Jones's remote work duties were terminated following the layoffs. (Id. at 3, 4.) When she arrived for in-person work on June 29, 2021, she was seated near noisy incoming and outcoming traffic, which hindered her work performance. (Id. at 3.) She brought these "hazardous work conditions" to her supervisor, Angie Hick Spruill, and asked to move to another desk. (Id.) Spruill responded that "[i]f [she] was assigned to sit [in] a broom closet, or a window without a view, [she] would be happy [she] still had

---

[1] The motion for reconsideration does not specify who is responsible for the alleged "harassing treatment," though Jones may have meant Angie Hick Spruill, who is mentioned elsewhere. (See id. at 3-4.)

3

a job." (Id.) Jones remained at the desk near the noise until November 22, 2021, when a new "Operation Manager of Customer Service" was appointed. (Id.) That manager granted Jones a change of seat and adjusted her schedule to "accommodate the new closing hours at HRSSC." (Id.) One week later, however, she was "terminated for poor job performance." (Id.) Jones asserts she worked for USPS for nearly five years and was never reprimanded or written up. (Id. at 4.) Instead, the supervisor fabricated a "paper trail" to support her termination. (Id.)

On August 14, 2024, Defendant filed a Response in Opposition to Plaintiff's Motion for Reconsideration, asking this court to deny the Motion for Reconsideration and grant the motion to dismiss. (Doc. 11 at 1.)

**II. ANALYSIS**

    **A. Standard of Review**

Jones proceeds pro se. "When reviewing a pro se complaint, federal courts should examine carefully the plaintiff's factual allegations, no matter how inartfully pleaded, to determine whether they could provide a basis for relief. In addition, in order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff." Armstrong v. Rolm A. Siemans Co., No. 97-1222, 1997 WL 705376, at *1 (4th Cir. Nov. 13, 1997)

4

(citations omitted) (unpublished table decision). Nevertheless, the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in the pleading, Bustos v. Chamberlain, No. 3:09-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to "conjure up questions never squarely presented in the complaint," Brice v. Jenkins, 489 F. Supp. 2d 538, 541 (E.D. Va. 2007) (internal quotation marks and citation omitted). Nor does it require that the court become an advocate for the unrepresented party. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend the complaint once as a matter of course within twenty-one days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After that period, a party may amend only with either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Here, the motion for reconsideration, in which Jones requests the court grant her the opportunity to amend her complaint, was offered outside the 21-day window to amend as a matter of course. (See Doc. 5 (motion to dismiss, filed June 20, 2024), and Doc. 10 (motion for reconsideration, filed July 30, 2024).) The court therefore has the discretion to entertain the pending motion to dismiss, or to consider the motion to amend and then permit the parties to re-brief the motion to dismiss. Foman

5

v. Davis, 371 U.S. 178, 182 (1962) (noting that "the grant or denial of an opportunity to amend is within the discretion of the District Court"). And while district courts have discretion to grant or deny a motion to amend, the Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citation omitted); Foman, 371 U.S. at 182 (same).

"[I]f the proposed change advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 225 (8th Cir. 1994) (citing Charles A. Wright & Arthur Miller, Fed. Prac. & Proc.: Civil, § 1487, at 637 (1991) (alteration adopted)); see Joyner v. Abbott Lab'ys, 674 F. Supp. 185, 190 (E.D.N.C. 1987) (same). In determining whether a proposed amended complaint would be futile, the court reviews the proposed complaint under the standard used to evaluate a motion to dismiss for failure to state a claim. Amaya v. DGS Construction, LLC, 326 F.R.D. 439, 451 (D. Md. 2018) (citing Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011)). Thus, "[a] motion to amend a complaint is futile 'if the proposed claim would not survive a motion to dismiss.'" Pugh v. McDonald, 266 F. Supp. 3d 864, 866

6

(M.D.N.C. 2017) (quoting James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the plaintiff's favor, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Twombly, 550 U.S. 544), a plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," id. Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual information "to raise a right to relief above the speculative level" so as to

7

"nudge[] [the] claims across the line from conceivable to plausible." Id. at 555, 570; see Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009).

Employment discrimination claims carry no heightened pleading standard, see Twombly, 550 U.S. at 569-70, nor must an employment discrimination complaint contain specific facts establishing a prima facie case, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11, 515 (2002). Yet the Fourth Circuit has not interpreted Swierkiewicz as removing the burden of a plaintiff to plead facts sufficient to support all the elements of her claim. Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764-65 (4th Cir. 2003) (holding that the plaintiff failed to allege facts sufficient to support all the elements of her hostile work environment claim); see also Jordan v. Alt. Res. Corp., 458 F.3d 332, 346-47 (4th Cir. 2006) (affirming the dismissal of a 42 U.S.C. § 1981 discrimination claim because the complaint did not allege facts supporting the assertion that race was a motivating factor in the plaintiff's termination) (overruled on other grounds by Boyer-Liberto v. Fontainebleau Crop., 786 F.3d 264, 268-69 (4th Cir. 2015) (en banc). At a minimum, a plaintiff must allege facts sufficient to support the plausible inference that some harm was caused on the basis of a protected characteristic. E.g., Muldrow v. City of St. Louis, Missouri, 601 U.S. 346 (2024).

8

### B. Jones's Complaint and Motion to Amend

Here, Jones's complaint clearly fails to allege a plausible claim. It contains no factual recitation whatsoever. As to Jones's motion to amend the complaint, she fails to attach a proposed amended complaint, in violation of Local Rule 15.1. The purpose of this rule is to "avoid having cases thrust into limbo on . . . generalized requests that may later prove unsupported." Robinson v. Pepsi Bottling Grp., No. 1:13CV729, 2014 WL 2048127, at *4 (M.D.N.C. May 19, 2014). It is within the discretion of a district court to deny a motion for leave to amend where the moving party fails to comply with Local Rule 15.1. See U.S. ex rel. Rostholder v. Omnicare, Inc., 745 F.3d 694, 703 (4th Cir. 2014). Ordinarily, the court would deny the motion on that basis alone.

Considering Jones's pro se status, and construing the motion for reconsideration liberally, see Kerr v. Marshall University Board of Governors, 824 F.3d 62, 72 (4th Cir. 2016), the court finds that it similarly fails to contain sufficient factual allegations to support a plausible claim, alone or in conjunction with the allegations of the complaint. As for any discrimination, Jones fails to link her termination or any other action taken against her to any cognizable ground, such as her race, color, gender, age, or disability. Jones's motion for reconsideration does not even clearly assert she was discriminated against on the

9

basis of a protected characteristic, let alone allege facts to support such an assertion. (See doc. 10 at 1-11).

Any assertion of retaliation fares no better. To state a claim for retaliation, Jones must allege "(1) [she] engaged in a protected activity; (2) [her] employer took an adverse employment action against [her]; and (3) a causal link exists between the protected activity and the adverse employment action." Menk v. MITRE Corp., 713 F. Supp. 3d 113, 150 (M.D.N.C. 2024) (citing Roberts v. Glenn Indus. Grp., 998 F.3d 111, 122 (4th Cir. 2021)). "Protected activity under Title VII includes complaints of discrimination based upon 'race, color, religion, sex or national origin.' . . . It [also] includes an employee's opposition to what he or she believes is an unlawful employment practice." Id. (quotation marks and citations omitted). Here, Jones has not sufficiently alleged a protected activity. She asserts she complained to management about "hazardous work conditions" due to traffic noise (doc. 10 at 3), and "harassing treatment," including a supervisor who wanted to write her up for "using the bathroom while on [her] menstrual cycle" (id.). Jones has failed to allege in these factually sparse statements that she complained about discrimination based on a protected characteristic, or that she opposed an unlawful employment practice. See Menk, 713 F. Supp. 3d at 150 ("Complaints about management activities that would not constitute unlawful discrimination do not count as protected

10

activity") (alteration removed) (citation omitted). Even if Jones had alleged a protected activity, she has failed to allege a causal link between that activity and any adverse employment action. Jones's only support for a causal nexus is that her termination occurred approximately five months after complaining about the "hazardous work conditions" and at some unspecified amount of time after having raised the issue of "harassing treatment" to management. (See Doc. 10 at 3-5.) This falls short of alleging a causal nexus; "a gap of three to four months of temporal proximity has been held insufficient, standing alone, to establish causation." Rigg v. Urana, 113 F. Supp. 3d 825, 829 (M.D.N.C. 2015) (citation omitted). Although this court is obliged to construe Jones's pro se pleadings liberally, it is under no obligation to "construct full blown claims from sentence fragments." Lassiter v. Cincinnati Reds, LLC, 447 F. Supp. 3d 462, 464 (M.D.N.C. 2020) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

In sum, the court finds that Jones's complaint fails to state a plausible claim for relief, and her motion for reconsideration fails to allege sufficient factual content to support a claim for relief and thus is subject to dismissal under Rule 12(b)(6) even if it were accepted as an amended complaint. See McCleary-Evans v. Maryland Dep't of Transp., 780 F.3d 582, 585-86 (4th Cir. 2015). The motion for reconsideration, liberally construed as a motion

for leave to amend, is futile. See Pugh, 266 F. Supp. 3d at 866.

**III. CONCLUSION**

For the reasons stated,

IT IS ORDERED that DeJoy's motion to dismiss (Doc. 5) is GRANTED and Jones's motion for reconsideration is DENIED as futile.

/s/   Thomas D. Schroeder
United States District Judge

November 20, 2024